SUMMARY ORDER

Petitioner Aissatou Sery Barry, a native and citizen of Guinea, seeks review of an April 14, 2008 order of the BIA affirming the September 12, 2005 decision of Immigration Judge (“IJ”) William F. Jankun, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Aissatou Sery Barry, No. A79 318 030 (B.I.A. Apr. 14, 2008), aff'g No. A79 318 030 (Immig. Ct. N.Y. City Sept. 12, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and the IJ’s opinions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005).[1] We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
The IJ’s adverse credibility determination was supported by substantial evidence. The IJ identified numerous inconsistencies between Barry’s testimony and the documents in the record. For example, Barry gave inconsistent accounts of her alleged rapes, testifying variously that *459 the same two men who questioned her also raped her, and that she was raped by different men. Barry argues that such discrepancies are minor. However, the IJ properly concluded that “the many contradictions regarding what occurred during her first detention” were “crucial to her case,” particularly when other aspects of her testimony were also inconsistent. Cf. Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000) (stating that inconsistencies need not be fatal if they are minor and isolated, and the testimony is generally consistent, rational, and believable).
The IJ also relied on an inconsistency about the dates of her second detention: her asylum application stated that it occurred in 2000 but in her supplemental affidavit she stated that it was in 1998. Barry argues that the IJ erred by relying on the asylum application when her supplemental affidavit was meant to correct errors in her asylum application. The IJ reasoned, however, that because Barry identified certain errors in the application but did not assert that the date of her second detention had been erroneous, Barry’s explanation was insufficient. We are not compelled to reach a different conclusion. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).
Finally, the IJ observed that Barry’s testimony was vague as to her alleged political involvement in Guinea, and asked her for more details. The IJ reasonably concluded that Barry’s responses were inconsistent with the background materials in the record. Barry’s testimony that there was no political unrest prior to her detention in March 1998 was directly belied by a State Department report indieat-ing that many people were killed and seriously injured in the period leading up to the date of her detention.
Thus, substantial evidence supports the IJ’s adverse credibility determination. See Corovic, 519 F.3d at 95. Because the only evidence of a threat to Barry’s life or freedom depended upon her credibility, the adverse credibility determination defeats her claims for asylum, withholding of removal, and CAT relief, all of which are based on the same factual predicate.[2] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The IJ found that Barry had not established that she filed her asylum application within one year of her entry, making her statutorily ineligible for asylum under 8 U.S.C. § 1158(a)(2)(B). However, the BIA assumed in its decision that Barry’s application had been timely, and disposed of the case on credibility grounds. We do the same.

. Barry failed to challenge the IJ's denial of her CAT claim before the BIA, but by addressing that claim, the BIA apparently excused her failure to exhaust. See Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006); Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994).